UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TANEISHA UPTEGROW, T.Y.,

        Plaintiffs,

-against-

THE ADMINISTRATION FOR CHILDREN'S SERVICES; CORPORATION COUNSEL,

        Defendants.

24-CV-2874 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action on behalf of herself and T.Y., a minor child, alleging that Defendants violated their rights. By order dated June 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff brings this action using the court's general complaint form and invoking federal question jurisdiction. Named as defendants are the New York City Administration for Children's Services ("ACS") and the New York City Corporation Counsel. In the section of the complaint form that asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, she writes:

> [d]oes the actions of the defendants constitute retaliation as applied to the provisions of 18 U.S.C. § 1513(e), and the Plaintiffs herein federal statutory rights were violated for reporting abuse or Jeffrey Epstein's trafficking network pursuant to 18 U.S.C. § 3771.[1]

(ECF 1, at 2.)

The following information is taken from the complaint. The alleged events giving rise to the complaint occurred in the "Manhattan Family Court, Appellate Division," on October 12, 2021, February 3, 2023, and May 10, 2024.[2] (*Id*. at 5.) Plaintiff is the legal guardian of T.Y., a minor. On October 12, 2021, ACS, "knowingly with intent to retaliate," commenced an action in the Manhattan Family Court ("Family Court") in violation of "Title 18. Crimes and Criminal Procedure Section 3771. Crime victim rights" (*Id*.) The defendants charged her "as a negligent parent for addressing concerns involving Jeffrey Epstein's trafficking enterprise since the commencement of the neglect case." (*Id*. at 6.) Plaintiff claims that both she and T.Y. "have been denied the rights to privacy, [and] treated unfairly with respect for the plaintiffs dignity." (*Id*.) Plaintiff also asserts that she sustained injuries that "resulted in loss of daily life, function or

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

[2] Plaintiff does not specify whether "Manhattan Family Court, Appellate Division," refers to both the New York County Family Court and the New York Supreme Court, Appellate Division, First Department.

system, of a nonpermanent nature," which prevented her and T.Y. from "performing substantially all of the material acts which constitute their usual and customary daily activities for not less than ninety days immediately following the occurrences complained of." (*Id*. at 5.)

Plaintiff seeks punitive damages for emotional distress and defamation, and a declaratory judgment "declaring [ACS] unlawful as applied to, 18 U.S.C. Section 3771, or 28 U.S.C. Section 1331(e)." (*Id*. at 6.)

Plaintiff also submitted a "Motion for Declaratory and Injunctive Relief," in which she asserts that, on October 12, 2021, Defendants filed a neglect petition in the Family Court against her alleging that she neglected T.Y. "as a result of an untreated, mental illness." (ECF 4 ¶ 6.) Specifically, Defendants claimed that on September 29, 2021, Plaintiff "was exhibiting bizarre conduct while reporting suspected child abuse" to ACS employees. (*Id*.) The Family Court issued several orders of protection, one of which was in effect at the time this action was filed. On June 14, 2023, the Family Count made a "finding of neglect." (*Id*.) Plaintiff unsuccessfully appealed the Family Court's ruling to the New York Supreme Court, Appellate Division, First Department ("Appellate Division").

In the motion, Plaintiff challenges the Family Court's finding of neglect, asserting that reporting child abuse does not constitute negligence. She seeks a declaration that the filing of the neglect petition was "unconstitutional as applied to (a) 18 U.S.C. § 3771 [and] (b) 18 U.S.C. § 1513(e)." (*Id*. at 4.) Plaintiff also seeks a "permanent injunction enjoining [ACS] from enforcing the challenged provisions as applied to (b) S.O.S. 414." (*Id*.)

## DISCUSSION

**A.     Claims on behalf of the minor child**

The Court must dismiss any claims Plaintiff is seeking to assert on behalf of T.Y., a minor child. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two

3

types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [herself]." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); s*ee also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the legal interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009); *Fauconier v. Comm. on Special Educ.*, No. 02-CV-1050 (RLE), 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("[A] court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." (citing *Cheung*, 906 F.2d at 61)).

Because Plaintiff is not an attorney, she cannot bring claims on behalf of the minor child. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of T.Y.

**B.    Claims under Section 1983**

Because Plaintiff alleges that ACS and the Corporation Counsel are responsible for the alleged violations, her claims can be construed as ones asserted under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the

4

Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.   **Claims against ACS**

Plaintiff's claims against ACS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). *See Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir.2007) ("[T]he NYPD is a non-suable agency of the City[.]"); *Friedman v. N.Y.C. Admin. for Children's Servs.*, 502 F. App'x 23, 27 n.3 (2d Cir. 2012) (ACS is not a suable entity) (summary order).

To the extent it may be Plaintiff's intention to assert claims against the City of New York, she does not allege sufficient facts to state a viable claim for relief under Section 1983. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."(quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, nothing in the complaint suggests that the City of New York has a policy, practice, or custom that has caused a violation of Plaintiff's constitutional rights and Plaintiff has not made such a claim. The Court therefore dismisses any claims Plaintiff may be asserting against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims against the Corporation Counsel

Plaintiff Section 1983 claims against the Corporation Counsel must also be dismissed. Government attorneys are immune from suit under Section 1983 for damages "when functioning as an advocate of the state [or local government] in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). This immunity applies to government attorneys who perform functions "'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits," *id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)), and has been specifically extended to the New York City Corporation Counsel and assistant corporation counsels, *see, e.g.*, *Johnson v. City of New York*, No. 16-CV-2879, 2019 WL-2393716, at *4 (E.D.N.Y. June 6, 2019); *O'Callaghan v. City of New York*, No. 16-CV-1139, 2016 WL-7177509, at *11 (S.D.N.Y. Dec. 8, 2016); *Bradley v. City of New York*, No. 14-CV-4289, 2016 WL 1491017, at *2 (E.D.N.Y. Mar. 16, 2016), *report &recommendation adopted*, 2016 WL 1541439 (E.D.N.Y. Apr. 14, 2016).

Plaintiff's Section 1983 claims against the Corporation Counsel arise from litigation activities in the Family Court and the New York City Law Department's representation of either

ACS or the City of New York in that matter. The Corporation Counsel is entitled to immunity and the Court therefore dismisses Plaintiff's Section 1983 claims for damages against this defendant under the doctrine of government-attorney immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    Private prosecution**

The Court understand that, by invoking federal criminal statutes such as 18 U.S.C. §§ 1513(e) and 3771, Plaintiff seeks the criminal prosecution of the defendants for their actions in Family Court. The Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    *Younger* abstention doctrine**

Finally, to the extent that Plaintiff may be asking the Court to grant injunctive and declaratory relief with respect to matters in the ongoing child neglect action in the Family Court, the Court must abstain from hearing her claims under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See*

*Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). This doctrine has been extended to certain civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention is appropriate in three categories of pending state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). With respect to the third *Sprint* category, "federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their [orders and] judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022). The United States Court of Appeals for the Second Circuit has made it clear that "the way that New York courts manage their own divorce and custody proceedings [is] a subject in which '[New York has] an especially strong interest'" for the purpose of the third *Sprint* category of actions requiring *Younger* abstention. *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) (citation omitted).

Here, inasmuch as Plaintiff's child neglect custody proceedings are pending in the Family Court, this Court cannot interfere with those proceedings. Although Plaintiff voices her disagreement with the filing of the neglect petition and the findings of the Family Court, she has not allege facts indicating special circumstances suggesting bad faith, harassment, or irreparable

injury that is both serious and immediate has occurred with respect to those proceedings. *Younger* abstention therefore applies.

E.     **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

F.     **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), for failure to state a claim upon which relief may be granted and under the doctrine of government-attorney immunity. The Court also denies

Plaintiff's request for an injunction as moot. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:  September 9, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge